UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHRISTOPHER E. BROWN,                    )
an individual,                           )
                                         )          CIVIL ACTION NO.
                    Plaintiff,           )
                                         )
vs.                                      )
                                         )
GRANITE APR DEVELOPMENT CORP.,           )
a Delaware Corporation,                  )
                                         )
                    Defendant.           )
_____/

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, by and through his undersigned counsel, hereby files this Complaint and sues GRANITE APR DEVELOPMENT CORP., a Delaware Corporation, for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and pendant and supplemental jurisdiction over state law claims that are alleged herein pursuant to 42 U.S.C. § 1367, et seq.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York. Plaintiff enjoys traveling to Rhode Island (and numerous other places) and has visited the area where the Defendant's Property is located numerous times over the last two years.

4.      MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair.  The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.      The Defendant, GRANITE APR DEVELOPMENT CORP. (hereinafter referred to as "Defendant") is a Delaware Corporation. Upon information and belief, the Defendant is the owner, lessee, and/or operator of a place of public accommodation, including the real property and improvements which are the subject of this action, to wit: Granite Street Shopping Center, generally located at 116 Granite Street, Westerly, RI 02891.

7.      All events giving rise to this lawsuit occurred in the District of Rhode Island.

<u>**COUNT I - VIOLATION OF TITLE III OF THE<br>AMERICANS WITH DISABILITIES ACT**</u>

8.      Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9.      The Property, a shopping center, is a place of public accommodation subject to the ADA.

10.     MR. BROWN has visited the Property several times over the past two years and plans to return in the near future.

11.     During his visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12.    MR. BROWN continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein which continue to exist.

13.    Furthermore, but for the existing barriers to access, MR. BROWN would visit the Property more often.

14.    Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which Plaintiff personally encountered and which hindered his access to the Property:

A.    Plaintiff encountered inaccessible parking spaces designated for disabled use near the Rent-A-Center, Kiefer's Martial Arts, Family Dollar and Phil's Marketplace due to Defendant's failure to identify numerous parking spaces with appropriate signage and badly faded paint markings on the ground.

B.    Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to slopes in excess of 1:48.

C.    Plaintiff encountered inaccessible curb ramps due to excessive running slopes and steep side flares throughout the Property.

D.    Plaintiff encountered inaccessible sidewalk routes throughout the Property due to running slopes in excess of 1:20 and a failure to provide handrails creating hazardous conditions.

E.    Plaintiff encountered an inaccessible entrance into Alley Katz Bowling Center due to a step up at the doorway without a ramp for wheelchair use.

15.     Furthermore, DEFENDANT continues to discriminate against the Plaintiff, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17.     Independent of his intent to return as a patron of the goods and services located at the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

18.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on DEFENDANT.

19.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by DEFENDANT pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

4

A.   That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B.   That the Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.   That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.   That the Court award such other and further relief as it deems necessary, just and proper.

Date:  December 4, 2019.

Respectfully Submitted,

By:___/s/ Kensley R. Barrett_____
Kensley R. Barrett, Esq.
Rhode Island Bar # 8657
Marin & Barrett, Inc.
127 Dorrance Street
Penthouse Suite
Providence RI 02903
401.380.6724 (ph)
401.679.0122 (f)